UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK WADE BREDOW,<br><br>Plaintiff,<br><br>v.<br><br>TRINH LE,<br><br>Defendant. | Case No. 24-10979<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DIRECTING U.S. MARSHALS SERVICE TO USE REASONABLE EFFORTS TO SERVE DEFENDANT**

Plaintiff Mark Wade Bredow, proceeding pro se and *in forma pauperis*, sues Defendant Trinh Le, alleging that she was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.  ECF No. 1.  The Honorable Shalina D. Kumar referred the case to this Court for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 19.

Twenty-eight U.S.C. § 1915(d) requires that officers of the court "issue and serve process" when a plaintiff is proceeding in forma pauperis, and Federal Rule of Civil Procedure 4(c)(3) provides that the court appoint the U.S. Marshals Service to serve process in these cases.  Together, Rule

4(c)(3) and 28 U.S.C. § 1915(d) "stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (cleaned up); *see also Donaldson v. United States*, 35 F. App'x 184, 185 (6th Cir. 2002) (holding that the district court has a statutory responsibility to issue an in forma pauperis plaintiff's service to the Marshals Service).

The Court granted Bredow's application to proceed *in forma pauperis* and ordered the Marshals Service to serve Le.  ECF No. 11; ECF No. 16, PageID.91.  The Marshals Service tried to serve Le by mailing the complaint and a waiver of service form to the Parnall Correctional Facility. *See* ECF No. 17.  But Le was not found at that address.  The Court ordered the Michigan Department of Corrections (MDOC) to furnish the Marshals Service with Le's last known address.  ECF No. 23.  MDOC responded that Le was a contractual employee with Vital Core and provided the contact information for Vital Core's director of operations.

The Marshals Service must now use reasonable efforts to locate and personally serve Le within 60 days.  *See Johnson v. Herren*, No. 2:13-cv-583, 2013 WL6410447, at *2-4 (S.D. Ohio Dec. 9, 2013) (ordering the

Marshals Service to take reasonable steps to locate the defendant's address through an internet search and by consulting defendant's former employer); *Reed-Bey v. Pramstaller*, No. 06-CV-10934, 2013 WL 1183301, at *2 (E.D. Mich. Mar. 21, 2013) (Marshals Service was ordered to personally serve the defendants after a fourth waiver request was returned unexecuted). The Marshals Service must inform the Court of the results of its attempt to personally serve Le by **January 27, 2025**.

Dated: November 27, 2024

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

3

  The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 27, 2024.

                <u>s/Julie Owens</u>
                JULIE OWENS
                Case Manager