UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| MARK WADE BREDOW, | Case No. 24-cv-10979 |
| Plaintiff, | Honorable Shalina D. Kumar |
|  | Magistrate Judge Elizabeth A. Stafford |
| v. |  |
| TRINH LE, |  |
| Defendant. |  |

## ORDER STRIKING PLAINTIFF'S FILINGS
### (ECF NOS. 53, 54, 57, 58)

Plaintiff Mark Wade Bredow, a pro se prisoner, brings this case under

42 U.S.C. § 1983, alleging that Defendant Trinh Le was deliberately

indifferent to his medical needs in violation of the Eighth Amendment.  ECF

No. 1.  The Honorable Shalina D. Kumar referred the case to the

undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1).

ECF No. 19.

Le moved for summary judgment on January 14, 2026.  ECF No. 44.

After Bredow did not respond to the motion by the February 4 deadline, the

Court ordered him to show cause why his claims should not be dismissed

for the reasons described in Le's motion.  ECF No. 48.  Six days later, the

Court received Bredow's response (filed in three documents) that was postmarked on February 2.  *See* ECF No. 49, PageID.450; ECF No. 50, PageID.461; ECF No. 51, PageID.465.  Mail lags thus delayed the Court's receipt of Bredow's timely response.  Le replied on March 9.  ECF No. 52.

Understandably confused by the Court's order to show cause after he timely responded, Bredow refiled his response.  ECF No. 53; ECF No. 54; ECF No. 57.  Although the Court does not fault Bredow for refiling his response, his original response is available and will be used as the operative response.  Because the refiled version is unnecessary, the Court **STRIKES** those documents.  ECF No. 53; ECF No. 54; ECF No. 57.

More recently, Bredow filed a supplement to his response, which is construed as a sur-reply.  ECF No. 58.  The general rule is that a non-moving party has no right to respond to a reply brief, and thus the applicable local rule does not allow for a sur-reply.  *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); E.D. Mich. LR 7.1.  Because the moving party is entitled to the last word on the matter, sur-replies are highly disfavored when the moving "party's reply did not raise any new legal arguments or introduce new evidence."  *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012).  Thus, the party wishing to file a sur-reply must file a motion for

2

leave that sets forth "good cause."  *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019)

Bredow has filed no motion for leave and has not shown good cause for filing a sur-reply.  As such, the Court **STRIKES** Bredow's unauthorized sur-reply (ECF No. 58).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 1, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 1, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager